New Jersey Department of Labor,
Workmen's Compensation Bureau.

JAMES F. LEVERING, PETITIONER, v. BENJAMIN R. FOX, RESPONDENT.

Decided December 29, 1933.

For the petitioner, *Morris Bloom.*

*Benjamin R. Fox, pro se.*

This is a claim coming on for determination under the provisions of the New Jersey Workmen's Compensation act in which a petition was filed on April 29th, 1933. The case came on for hearing in Atlantic City on December 14th, 1933. At this hearing, the respondent, Benjamin R. Fox, appeared in person, and the petitioner was represented by Morris Bloom.

From the petition as filed in this claim and the record as produced at the hearing, it appears that the petitioner was in the employ of the respondent on July 16th, 1923, at a wage of $100 a week. On the day indicated, he met with severe injury as the result of an auomobile accident. This accident caused concussion of the brain with contusions and lacerations, together with a fracture of the skull and injury to the hip. Compensation was paid the petitioner to March 1st, 1933, at the rate of $17 a week.

Dr. James Mason, testifying for the petitioner, stated that as the result of the above named injury the petitioner is

totally disabled, and is, therefore, entitled to compensation under the provisions of paragraph 11 B of the Compensation act. This provision of the act specifies that compensation on account of total disability shall be paid specifically for four hundred weeks, and that compensation shall be further paid during the duration of the disability.

It appears from the record that more than ten years has passed since the accident, and at the hearing on December 14th, 1933, Dr. Mason, who has been familiar with this case for a number of years, testified that the injured is still totally disabled. I reach the conclusion, therefore, that the petitioner's total disability will be permanent and will continue throughout the rest of his life.

It is, therefore, on this 29th day of December, 1933, ordered that the respondent pay to the petitioner $17 a week during the life of the petitioner, subject to such modification as may be within reach of the respondent under the provisions of paragraph 11 B, of the statute.

Dr. James Mason will be allowed an attendance fee of $20 to be paid by the respondent.

A counsel fee of $200 will be allowed the petitioner's attorney to be paid by the respondent.

WILLIAM E. STUBBS,
*Deputy Commissioner.*